**NOT FOR PUBLICATION**

FILED

FEB 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KWOK KONG,

Plaintiff-Appellant,

and

REENA SAINT JERMAIN,

Plaintiff,

v.

FLUIDIGM CORPORATION; et al.,

Defendants-Appellees.

No. 22-15396

D.C. No. 4:20-cv-06617-PJH

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted February 6, 2023
San Francisco, California

Before: BYBEE and BUMATAY, Circuit Judges, and BENNETT,** Senior District Judge.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

In this putative class action, Plaintiff-Appellant Kwok Kong brings securities fraud claims against a lab equipment manufacturer and two of its executive officers based on several financial projections made to investors throughout fiscal year 2019. In the operative Second Amended Complaint ("SAC"), Kong alleges violations of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5, which prohibit material misrepresentations or omissions in relation to the purchase or sale of corporate securities. 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5. The district court dismissed the SAC, finding that the Appellees' challenged statements were not materially misleading, and that Kong failed to plead a strong inference of scienter. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Defendant-Appellee Fluidigm Corporation, Inc. ("Fluidigm") manufactures microfluidics and mass cytometry equipment. Fluidigm's mass cytometry enterprise expanded between 2018 and 2019, and its stock price nearly doubled during this timeframe. However, Fluidigm's mass cytometry sales declined sharply during the second half of 2019, resulting in a substantial drop in the company's stock price. According to the SAC, Fluidigm and its top executives received internal reports in October and November 2018 projecting that this decline would occur. Kong alleges that Fluidigm CEO Christopher Linthwaite and CFO Vikram Jog (the "Individual Defendants") concealed these projections and made several statements on quarterly

revenue calls that misled investors to believe that the company's mass cytometry pipeline would remain profitable and continue to grow.

Section 10(b) of the Securities Exchange Act of 1934 proscribes the use of "any manipulative or deceptive device" in violation of "such rules and regulations as the [Securities and Exchange] Commission may prescribe." 15 U.S.C. § 78j(b). Implementing this directive, SEC Rule 10b-5 prohibits material misrepresentations and omissions "in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5. To state a claim under these provisions, a securities fraud plaintiff must allege, as relevant here, "a material misrepresentation or omission by the defendant," and scienter. *Macomb Cnty. Emp. Retirement Sys. v. Align Tech., Inc.*, 39 F.4th 1092, 1096 (9th Cir. 2022) (quoting *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014)). We hold that Kong's claim falls short at the first hurdle, as none of the statements challenged in the SAC constitute material misrepresentations or omissions that may sustain a securities fraud claim. Accordingly, we affirm on the first issue and need not reach the question of scienter.

First, Kong challenges revenue and growth forecasts that are shielded by the safe harbor provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-5. "The PSLRA's safe harbor provision exempts from liability forward-looking statements accompanied by [meaningful] cautionary language." *In re Atossa Genetics Inc. Sec. Litig.*, 868 F.3d 784, 798 (9th Cir. 2017). Many of the

statements at issue "are classic growth and revenue projections, which are forward-looking on their face." *Police Retirement Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1058 (9th Cir. 2014). During investment calls in Q1, Q2, and Q3 2019, the Individual Defendants made statements such as: "We have certainly strong growth throughout the back half of the year in general;" "[w]e see no reason why the trend lines won't continue to revert back towards the norm;" and "we think Q4, given what's setting up right now, is going to be a very strong cycle for placements of instruments and order placements." These statements assess "how various *future* events will play out"—they do not describe "specific, concrete circumstances *that have already occurred.*" *Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1192 (9th Cir. 2021) (emphasis in original). Additionally, these comments were accompanied by meaningful cautionary language in Fluidigm's SEC filings and analyst calls, which warned investors of the potential for increased competition and market fluctuations.

Second, while some statements fall outside the safe harbor, most constitute puffery that is not actionable as a matter of law. Ordinarily, "'vague statements of optimism like good, well-regarded, or other feel good monikers,' are not actionable because 'professional investors, and most amateur investors as well, know how to devalue the optimism of corporate executives.'" *Intuitive Surgical*, 759 F.3d at 1060 (quoting *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1111 (9th Cir. 2010)). Throughout Q1 and Q2 2019, the Individual Defendants lauded Fluidigm's mass cytometry

enterprise, assuring investors that "[m]ass cytometry adoption is robust" and "thriving;" that "the mass cytometry portfolio has done outstanding;" that "the mass cytometry franchise has grown extremely strongly;" and that "the funnel is, on the whole, very deep." These generalized, optimistic remarks are precisely the kind of "feel good monikers" that this Court has characterized as puffery. *Intuitive Surgical*, 759 F.3d at 1060. *Cf. Macomb*, 39 F.4th at 1098–99 (characterizing as puffery comments regarding a "great growth market" and "huge market opportunity" for the defendant's products).

Third, and finally, Kong challenges a few present-tense statements involving trends in the mass cytometry market. "[A] statement is misleading if it would give a reasonable investor the 'impression of a state of affairs that differs in a material way from the one that actually exists.'" *Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275 (9th Cir. 2017) (citation omitted) (alteration in original). A statement may be misleading if it omits "a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading." *Matrixx Initiatives v. Siracusano*, 563 U.S. 27, 37 (2011).

The Individual Defendants made several concrete statements about trends in the market and the competitive landscape. These include assertions such as "mass cytometry adoption continues at a brisk pace, including an uptick in new customer

adoption;" "there's not a fundamental change in the overall competitive landscape as we see it right now;" and "we're seeing no real trend change in the mass cytometry business overall." Kong contends that these statements are misleading, as the Individual Defendants failed to disclose the reports they received in 2018 projecting an impending downturn. However, the Individual Defendants did not conceal "real-time financial information" indicating that the market was deteriorating—rather, Fluidigm was experiencing record growth at the time they made these comments. *Cf. Macomb*, 39 F.4th 1099 ("Significantly, at the time Align's executives made the six challenged statements, the company's sales were still growing in China, albeit at a diminished rate."). Accordingly, we hold that their statements were not materially misleading when made.

**AFFIRMED.**